UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
APR 1 6 2002
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| LULAC COUNCIL # 682, Paul Castillo, Ernest Hernandez, Diana G. Reyes and Robert Martinez, | ) ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) ) CIVIL ACTION NO. SA-02-CA-369-OG |
| CITY OF SEGUIN and Mark Stautzenberger, Mayor of Seguin, Councilmember Ruben "Rocky" Contreras, Councilmember Mary Louise Gonzales, Councilmember Bruno Martinez, Councilmember Javier Cuevas, Councilmember H.A. "Dan" Daniels, Councilmember Ronnie Humphrey, Councilmember Betty Ann Matthies, and Councilmember Roger Weyel, in their official capacites, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

## ORDER

Pending before the Court is Plaintiffs' Motion for Temporary Order. Having heard the parties' arguments, and having reviewed the parties' briefs and applicable law, the Court finds as follows:

A municipal election in the City of Seguin is set for May 4, 2002 with early voting to begin on April 17, 2002 and continue through April 30, 2002. The candidate filing period ended on March 20, 2002.

1

The Census 2000 data, released in March 2001, shows that the apportionment plan used by the City of Seguin in past elections contained a total deviation over twenty-four (24%) percent. As a result, Defendants adopted a reapportionment plan in November 2001, and submitted that plan to the Department of Justice in January 2002. That plan was later withdrawn, after the candidate filing period expired. Defendants then adopted a new apportionment plan on March 26, 2002, and the Department of Justice received the new plan on or about April 2, 2002. The anticipated deadline for the Department of Justice to grant or deny pre-clearance is June 1, 2002. As of the date below, Defendants have not obtained the necessary pre-clearance under Section 5 of the Federal Voting Rights Act to implement the new plan. See 42 U.S.C. § 1973c.

An election based on the new apportionment plan cannot be held because the Attorney General has not approved the plan.

Immediate and irreparable harm will result if the election process is allowed to proceed because the changes under the new apportionment plan, which is unenforceable until approved by the Attorney General, affect the Plaintiffs' right to run for office and vote for the candidate of their choice.

Plaintiffs are entitled to injunctive relief as a matter of law. Clark v. Roemer, 111 S.Ct. 2096, 2101 (1991).

Accordingly, it is ORDERED that Defendants and their officers, representatives, agents and employees are ENJOINED from proceeding with the May 4, 2002 municipal election, and any procedures in advance thereof.[1]

---

[1] In other words, all pre-election procedures shall cease.

2

No bond is required. This order shall expire with ten (10) days from the date below. A hearing on Plaintiffs' request for preliminary injunction is set on April 24, 2002 at 9:30 a.m. before a three-judge panel. Counsel shall contact the Court prior to the hearing to determine the location.

SIGNED and ENTERED this 16 day of April, 2002.

                                                              _____
                                                              ORLANDO L. GARCIA
                                                              UNITED STATES DISTRICT JUDGE